## City of Chester *v.* Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Streets—Occupation of streets—Crossings—Elevation of grade.*

A railroad company has no power to enter upon, occupy, or cross the streets of a municipality without the consent of the municipality.

After a railroad has once been constructed, in a form and manner approved by the municipal authorities, before any material change can be made in the construction of the road, the municipal consent must be obtained for the desired change. This rule applies to the elevation of grades at the crossings of streets.

Argued Feb. 13, 1907. Appeal, No. 4, Jan. T., 1907, by defendant, from decree of C. P. Del. Co., June T., 1906, No. 266, granting preliminary injunction in case of City of Chester v. Baltimore & Ohio Railroad Company and the Baltimore & Philadelphia Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Motion to continue preliminary injunction.

JOHNSON, P. J., found the facts to be as follows:

The plaintiff is a city of the third class. The defendant is a railroad company. Its line runs through the city of Chester, crossing the streets at grade, except Ridley; among them are Potter, Walnut, Chestnut, Fourteenth street and Melrose avenue.

Potter is an opened and paved street; Walnut is an opened and paved street; Chesnut is an opened street not paved; Ridley is not an opened street; Fourteenth street is an opened and paved street; Melrose avenue is an opened street not paved.

The defendant in pursuance of a general plan began the elevation of its tracks at the crossings of the above-named streets, on some of them above the official grade and on some above the existing physical grade, and in such way as necessitated a change in all the street grades, except Ridley, from a few inches to three or four feet, respectively.

To prevent this the city filed the present bill.

A preliminary injunction was granted restraining the defendant from elevating its tracks at all the above-named streets, except Ridley.

The court entered a decree continuing the preliminary injunction.

*Error assigned* was the decree of the court.

*W. B. Broomall,* for appellants, cited: Cleveland & Pittsburg R. R. Co. v. Speer, 56 Pa. 325; Groff v. Turnpike Co., 144 Pa. 150; South Waverly Borough's App., 11 Atl. Repr. 245; Williamsport, etc., R. R. Co. v. Supervisors, 4 Pa. C. C. Rep. 588; Com. v. Erie, etc., R. R. Co. 27 Pa. 339.

*A. A. Cochran,* for appellee, cited: South Chester Boro. v. R. R. Co., 5 Del. County Rep. 114; Duncan v. Penna. R. R. Co., 94 Pa. 435; McAboy's Appeal, 107 Pa. 548; Phila. v. P. & R. R. Co., 7 Pa. C. C. Rep. 390.

OPINION BY MR. JUSTICE POTTER, April 1, 1907:

The appellant here complains of the court below, that it

has, by means of a preliminary injunction, prevented the defendant company from elevating its tracks at the crossings of several streets without the consent of the municipal authorities of the city of Chester. The action of the court below in this matter was fully justified by the principles laid down in Pittsburg v. Pittsburg, etc., Railroad Company, 205 Pa. 13, holding that in this commonwealth, a railroad company has no power to enter upon, occupy, or cross the streets of a municipality without the consent of the municipality. If a railroad cannot be originally constructed upon or across a city street without municipal consent, it necessarily follows that, after it has once been constructed, in a form and manner approved by the municipal authorities, before any material change can be made in the construction of the road, the municipal consent must be obtained for the desired change.

An elevation of the grade would certainly be a material change. The conclusion that municipal consent must be obtained before making any such change is not only reasonable in itself, but it has legislative sanction. The Act of May 31, 1887, P. L. 275, provides that railroad companies whose route extends through or into any city of this commonwealth, may elevate or depress their tracks within the limits of such city, provided that the consent of said city through councils, to such elevation or depression, be first had or obtained. There is no merit in the contention of appellant.

The assignment of error is overruled, and this appeal is dismissed at the cost of appellant.